UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Melvin Bowens;  )  C/A No. 2:10-668-DCN-RSC
Jennifer Ann Youmans; *biological parents*  )
*for Minor Child*,  )
 )
 )
 )
 ) **Report and Recommendation**
          Plaintiffs,  )
 )
vs.  )
 )
South Carolina Attorney General Office;  )
and  )
9th Judicial Circuit Family Court,  )
 )
 )
 )
          Defendants.  )

## Background of this Case

The two plaintiffs are parents of a minor child. Plaintiff Melvin Bowens resides in Ravenel, South Carolina. Jennifer Ann Youmans resides in North Charleston. Information disclosed in the above-captioned case and in a prior case, *Melvin Bowens and Jennifer Ann Bowens v. Charleston County Sheriff, et al.*, Civil Action No. 2:10-0044-DCN-RSC, which was dismissed without prejudice for failure to come into "proper form," indicates that the minor child[1] has been charged with firearms related offenses. A bench

---

[1]In accordance with the Privacy Policy of this court and
(continued...)

1

trial is scheduled for March 17, 2010, before the Family Court for Charleston County. The plaintiffs have filed a motion for writ of prohibition or temporary restraining order (Entry No. 4), a motion for declaratory judgment concerning the constitutionality of S.C. Code Ann. § 20-7-7215 (Entry No. 5),[2] and a motion for declaratory

---

(...continued)
because the child is a juvenile, the child's name will not appear in this Report and Recommendation.

[2]This statute has been re-codified as S.C. Code Ann. § 63-19-830 (Westlaw 2010), which concerns detention of juveniles:

> **§ 63-19-830. Detention hearings; screenings.**
> (A) If the officer who took the child into custody has not released the child to the custody the child's parents or other responsible adult, the court shall hold a detention hearing within forty-eight hours from the time the child was taken into custody, excluding Saturdays, Sundays, and holidays. At this hearing, the authorized representative of the department shall submit to the court a report stating the facts surrounding the case and a recommendation as to the child's continued detention pending the adjudicatory and dispositional hearings. The court shall appoint counsel for the child if none is retained. No child may proceed without counsel in this hearing, unless the child waives the right to counsel and then only after consulting at least once with an attorney. At the conclusion of this hearing, the court shall determine whether probable cause exists to justify the detention of the child and the appropriateness of, and need for, the child's continued detention. If continued detention of a juvenile is considered appropriate by the court and if a juvenile detention facility exists in that county which meets state and federal requirements for the secure detention of
> (continued...)

judgment concerning the constitutionality of S.C. Code Ann. § 63-5-590 (Entry No. 6).³ In effect, the plaintiff's are seeking

---

(...continued)
>juveniles or if that facility exists in another county with which the committing county has a contract for the secure detention of its juveniles and if commitment of a juvenile by the court to that facility does not cause the facility to exceed its design and operational capacity, the family court shall order the detention of the juvenile in that facility. A juvenile must not be detained in secure confinement in excess of ninety days except in exceptional circumstances as determined by the court. A detained juvenile is entitled to further and periodic review:
>
>>(1) within ten days following the juvenile's initial detention hearing;
>>
>>(2) within thirty days following the ten-day hearing; and
>>
>>(3) at any other time for good cause shown upon motion of the child, the State, or the department.
>
>If the child does not qualify for detention or otherwise require continued detention under the terms of Section 63-19-820(A) or (B), the child must be released to a parent, guardian, or other responsible person.
>
>(B) A juvenile ordered detained in a facility must be screened within twenty-four hours by a social worker or if considered appropriate by a psychologist in order to determine whether the juvenile is emotionally disturbed, mentally ill, or otherwise in need of services. The services must be provided immediately.

³The reference to § 63-5-590 may be a scrivener's error
(continued...)

to delay or prevent the bench trial set for March 17, 2010, in Family Court.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. The review[4] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[5] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The

---

(...continued)
because S.C. Code Ann. § 63-5-590 is part of South Carolina's Uniform Gift to Minors Act.

[4] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[5] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

plaintiffs are *pro se* litigants, and thus their pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Nevertheless, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), which is cited in *Silva v. Spencer*, No. 08-cv-1686-H (LSP), 2009 U.S. Dist. LEXIS 61467, 2009 WL 2160632 (S.D. Cal., July 17, 2009). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Although the two plaintiffs have paid the full filing fee of three hundred fifty dollars ($350), they may not bring this action *pro se* on behalf of their minor child. *See, e.g., Tse-Ming Cheung v. Youth Orchestra Foundation of Buffalo*, 906 F.2d 59, 60-61 (2nd Cir. 1990). "A non-attorney parent must be represented by counsel

5

when bringing an action on behalf of a child." *Knox ex rel. Chambers v. Hayward Unified School District*, C-95-0144-VRW, 1995 U.S.Dist. LEXIS 8379, 1995 WL 364156 (N.D. Cal., June 1, 1995) (collecting cases). Similar case law applies to suits purportedly brought by individual *pro se* litigants on behalf of corporations, partnerships, unincorporated associations, or estates. *See, e.g., First Hartford Corporation Pension Plan and Trust*, 194 F.3d 1279, 1290 (Fed. Cir. 1999) (*pro se* actions by non-attorneys on behalf of corporations "fail for lack of standing"); and *Pridgen v. Andresen*, 113 F.3d 391, 392-93 (2nd Cir. 1997) (*pro se* litigant may not represent corporation, estate, partnership, or "his or her minor child"), where the Court noted that such limits on *pro se* representation "serve the interests of the represented party as well as the interests of adversaries and the court." *See also Batac Development Corp. v. B&R Consultants, Inc.*, No. 98 Civ. 721(CSH), 2000 U.S.Dist. LEXIS 3695, 2000 WL 307400 (S.D.N.Y., March 23, 2000):

> It has uniformly been held by the Second Circuit and all of the other circuits that the provisions of 28 U.S.C. § 1654 prohibit a non-attorney individual from representing a corporation in the federal courts. *See, e.g., Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir.1991) ( Section 1654 "does not allow for unlicensed laymen to represent anyone else other than themselves.... Courts also have interpreted this section to preclude a corporation from appearing through a lay representative.") (citations and internal quotation marks omitted); *Menaldi v. Group W*

*Broadcasting, Inc.*, 182 F.3d 900, 1999 WL 486978 (2d Cir. July 9, 1999) (unpublished decision) ("Plaintiff Menaldi, as a *pro se* nonattorney, would not be allowed to prosecute claims on behalf of the corporation.").

Under the weight of this authority, Batac quite plainly cannot represent the interests of the plaintiff in this Court, even though he is the corporation's sole shareholder. This consequence might puzzle Batac who undoubtedly believes that he can fairly and effectively advance the interests of his company in this litigation. But sound reasons exist for this rule. The interests of a corporation and its principal frequently overlap but are not identical in all respects. Thus, requiring separate counsel for a corporation works as an independent safeguard of its interests. Moreover, the Second Circuit has explained that the reasons for requiring a corporate litigant to have legal representation include

> principally that the conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court. The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, proceedings that are needlessly multiplicative. In addition to lacking the professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities. . . .

*Jones v. Niagara Frontier Transportation Authority*, 722 F.2d 20, 22 (2d Cir.1983).

It follows from this rule that because Batac's motion was made not by counsel but by a layperson who cannot legally represent the plaintiff, I must disregard it as a nullity. *See, e.g., Individual Securities, Ltd. v. Ross*, 152 F.3d 918, 1998 WL 385835 (2d Cir.

7

> May 11, 1998) (unpublished decision) (dismissing appeal made by layperson on behalf of corporation); *US JVC Corp. v. Caribbean Wholesales & Service Corp.*, No. 93 Civ. 4853, 1993 WL 307803 (S.D.N.Y. Aug. 10, 1993) (disregarding Rule 12(b)(6) motion made by layperson on behalf of corporation and treating defendant as technically in default); *Simitar Ent., Inc. v. Silva Ent., Inc.*, 44 F.Supp.2d 986, 990 (D.Minn.1999) (treating *pro se* motion filed by corporate officer on behalf of corporation as "inoperative"). Accordingly, because the plaintiff is not currently represented by counsel and the motion was filed by a layperson, I may not even consider the motion and accordingly dismiss it.

*Batac Development Corp. v. B&R Consultants, Inc.*, 2000 WL 307400 at *1-*2 (footnote omitted).

Moreover, the Office of the Attorney General of the State of South Carolina and the Office of the Ninth Circuit Solicitor (which is the entity actually prosecuting the criminal case) are integral parts of the government of the State of South Carolina. *See* S.C. Const. Article V, § 24 ("There shall be elected in each county by the electors thereof a clerk of the circuit court, a sheriff, and a coroner; and in each judicial circuit a solicitor shall be elected by the electors thereof."), and S.C. Code Ann. § 1-7-310, which concern the Office of the Solicitor for judicial circuits; and S.C. Const. Art. VI, § 7 ("There shall be elected by the qualified voters of the State a Secretary of State, an Attorney General, a Treasurer, a Superintendent of Education, Comptroller General, Commissioner of Agriculture, and an Adjutant General who

shall hold their respective offices for a term of four years, coterminous with that of the Governor.").

The Family Court for the Ninth Judicial Circuit is also an integral part of the government of the State of South Carolina. *See* S.C. Const. Article V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 297 S.C. 253, 376 S.E.2d 271, 272 (1989); *Cort Industries Corp. v. Swirl, Inc.*, 264 S.C. 142, 213 S.E.2d 445, 446 (1975); and *State ex rel. McLeod v. Civil and Criminal Court of Horry County*, 265 S.C. 114, 217 S.E.2d 23, 24 (1975).[6] The entity known as the South Carolina Court Administration operates the State of South Carolina's unified judicial system pursuant to the authority delegated by the Supreme Court of South Carolina. *See Bailey v. State*, 309 S.C. 455, 424 S.E.2d 503 (1992).

Hence, the two named defendants in this case are immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South

---

[6]County courts in the State of South Carolina no longer exist. Section 22 of Article V of the Constitution of the State of South Carolina (1973) allowed "any existing court" on the date of ratification to continue operating until Article V was fully implemented. *State ex rel. McLeod v. Civil and Criminal Court of Horry County*, 217 S.E.2d at 24 ("The Horry County Court is one of the courts continued in existence solely by virtue of the provisions of Section 22 of Article V.").

Carolina or its integral parts, such as a state agency or department. *See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002); *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706 (1999); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Virginia v. Reinhard*, 568 F.3d 110 (4th Cir. 2009); *Belcher v. South Carolina Board of Corrections*, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dept.*, 195 F. Supp. 516, 517 (E.D.S.C. 1961).

Although the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), is not applicable to the above-captioned case, *see Wallace v. Kato*, 549 U.S. 384 (2007), the above-captioned case is still subject to summary dismissal. Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. *See, e.g., Younger v. Harris*, 401 U.S. 37, 44 (1971); *Harkrader v. Wadley*, 172 U.S. 148, 169-170 (1898); *Taylor v. Taintor*, 83 U.S. (16 Wall.) 366, 370 & n. 8 (1873);[7]

---

[7]Although the Supreme Court of the United States has not overruled *Taylor v. Taintor*, an unrelated portion of the decision in *Taylor v. Taintor*, which concerned the right of sureties to
(continued...)

*Nivens v. Gilchrist*, 319 F.3d 151 (4th Cir. 2003); and *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *See also Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc* 1976).

In *Bonner v. Circuit Court of St. Louis*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."

---

(...continued)
apprehend principals, has been superannuated by statute in Texas. *See Green v. State*, 829 S.W.2d 222, 223 (Tex. Crim. App. 1992) ("However, *Taylor* is not the law in Texas."), *affirming Green v. State*, 785 S.W.2d 955 (Tex. App. Fort Worth 1990).

11

In any event, it is clear that the minor child has not exhausted his state remedies. If the minor child is later convicted and sentenced in his pending criminal case, he has the remedy of filing a direct appeal. See State v. Northcutt, 372 S.C. 207, 641 S.E.2d 873 (2007); and In re Michael H., 360 S.C. 540, 602 S.E.2d 729 (2004) (appeal concerning Family Court conviction of juvenile for criminal sexual conduct with a minor).[8]

If his direct appeal is unsuccessful, the minor child can file an application for post-conviction relief. See S.C. Code Ann. § 17-27-10, et seq. (Westlaw 2010); and Austin v. State, 352 S.C. 473, 575 S.E.2d 547 (2003) (PCR case: remanding matter to Family Court).

Based on the aforementioned cases, this case would ordinarily be subject to summary dismissal under 28 U.S.C. § 1915. The provisions of the 28 U.S.C. § 1915, however, do not apply in cases where the filing fee has been paid, as the statute refers to cases proceeding in forma pauperis. See Farese v. Scherer, 342 F.3d 1223, 1227-29 (11th Cir. 2003); and Key v. United States Department of Transportation, et al., Civil Action No. 2:01-3076-DCN (Entry No. 10 [expressing the view that pretrial dismissal procedures of

---

[8]The above-captioned case does not concern a transfer of the criminal case from the Family Court to the Court of General Sessions. See S.C. Code Ann. § 63-19-1210 (formerly codified as S.C. Code Ann. § 20-7-7605). Only certain juvenile crimes are eligible for transfer to a Court of General Sessions. Austin v. State, 352 S.C. 473, 575 S.E.2d 547 (2003).

the PLRA/AEDPA are not available in non-prisoner/non-IFP cases]). Payment of the full filing fee does not cure the fact that the two plaintiffs do not have standing to bring a *pro se* action behalf of their minor child. *See Conner v. Greef*, No. 03-5986, 99 Fed.Appx. 577, 580, 2004 U.S.App. LEXIS 8397, 2004 WL 898866 (6th Cir., April 26, 2004) (even where filing fee has been paid, district court may dismiss a complaint *sua sponte* where it is "totally implausible, attenuated, unsubstantiated, frivolous, devoid of merit, or no longer open to discussion"), *citing Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), and *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974).

### *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice*. *See In Re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997) (pleadings by prisoners *and* non-prisoners should also be screened); and *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2nd Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources.").

It is also recommended that the plaintiffs' motion for declaratory judgment concerning the constitutionality of S.C. Code Ann. § 20-7-7215 (Entry No. 5) and the motion for declaratory judgment concerning the constitutionality of S.C. Code Ann. § 63-5-590 (Entry No. 6) be **denied**. The plaintiffs' attention is directed to the important Notice on the next page.

March 24, 2010
Charleston, South Carolina

Robert S. Carr
United States Magistrate Judge

## Notice of Right to File Objections to Report and Recommendation

The plaintiffs are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).